```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

GLORIA LOWENGART,              }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }     09-AR-2417-S
                               }
CEPHUS CAPITAL MANAGEMENT,     }
LLC, et al.,                   }
                               }
     Defendants.               }
```

## MEMORANDUM OPINION

The motion filed by plaintiff, Gloria Lowengart, seeking a remand of the above-entitled action that was removed from the Circuit Court of Jefferson County, Alabama, by Cephus Capital Management, LLC ("Cephus"), and Christopher Cooper Young ("Young"), two of the three defendants, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332, has been briefed and argued. The more recent motion by Cephus and Young to strike plaintiff's motion to remand as untimely will be denied.

Plaintiff's motion does not challenge this court's subject-matter jurisdiction based upon what the court finds to be the absence of the $75,000 in controversy required by § 1332. A plaintiff cannot confer or accede to subject-matter jurisdiction, and as this court strongly suggested during oral argument, plaintiff's mere reference in her state court complaint to "the loss of over $700,000 in Ms. Lowengardt's account between May and October 2008", without an *ab damnum* that expressly seeks a recovery

of that amount or of any amount in excess of $75,000, does not meet the standard enunciated in *Lowery v. Alabama Power Company*, 423 F. 3d 1184 (11th Cir. 2007).  In *Lowery*, the Eleventh Circuit makes clear that the party who invokes the court's removal jurisdiction has the burden of proving the essentials of subject-matter jurisdiction from the state court complaint, and cannot merely assert that the essential elements exist.  A removing defendant cannot rely upon speculation, or upon what in this case could be construed as the pleading of some evidence of damages.  Removing defendants have not overcome the presumption in favor of state court jurisdiction inherent in the federalist system.  For aught appearing, the alleged loss in plaintiff's account during a particular period of time before suit was filed was reduced to a figure below $75,000 before the suit was actually filed.  *Lowery* may be strong medicine for defendants, but this court has no way to sugarcoat it.  *See Constant v. International House of Pancakes*, 487 F. Supp. 2d 1308 (N.D. Ala. 2007).

Even if the removing defendants had met their burden of proving subject-matter jurisdiction, there is a fatal procedural defect that has not been, and cannot be, overcome.  A basic acknowledgment of weakness in this removal comes from the removing defendants' allegation that the third defendant, Sanford P. Lowengart, III ("Sandy"), is misnamed in the complaint as "Sanford P. Lowengardt, III", so as allegedly to demonstrate that there has

been no service on him, thus eliminating his obligation to timely join in the removal. If such a slight, self-correcting misspell were a controlling jurisdictional factor, plaintiff's adding a letter to her own name in her complaint would cause her similar problems. This contention by the removing defendants is not only self-correcting, but is silly.

The notice of removal, which was filed on November 30, 2009, the last day for removal under 28 U.S.C. § 1441, alleges, *inter alia*:

> According to the docket of the Circuit Court of Jefferson County, Alabama, Sanford P. Lowengart, III has not been served. As such, defendant, Sanford Lowengart's consent to removal is not required.

However, after the removal, plaintiff has indisputably shown that the removing defendants' above-quoted allegation is false or incorrect. On October 15, 2009, fifteen days before the removal, the Clerk of the Circuit Court of Jefferson County, Alabama, received and filed a "green card" reflecting service of process on Sandy by certified mail delivery to and receipt by an agent for Sandy. Also of significance is the fact that the certified mail from plaintiff to all three defendants was directed to the same California address at which defendants, Young and Cephus, acknowledge that they obtained notice through certified mail. The address employed may be the business address of a law firm, as alleged by removing defendants, and not the business address or the residence address of Young, or of Cephus, or of Sandy, but it was

3

effectively used to serve two defendants and to alert the third. The removing defendants' mere assertion that Sandy "has not been served", combined (1) with their acknowledgment of effective service upon them, (2) the existence of purported service on Sandy through an ostensible agent, and (3) the admitted fact that Sandy actually knew of the complaint on November 30, 2009, when the removal took place, create effective service on Sandy for the purpose of 28 U.S.C. § 1446.  Conspicuously, neither Sandy nor the removing defendants deny that Sandy has a copy of the complaint. The absence of a personal challenge by Sandy of service precludes any post-removal challenge of service, whether by Sandy or by the removing defendants.  The absence of Sandy's timely joinder in, or formal consent to, the removal constitutes a fatal defect under § 1446.

The assertion in the notice of removal that the removing defendants are "informed and believe that Defendant, Lowengart, has no objection to the removal" is so ambiguous as not to constitute a "joinder in" or a "consent to" removal by Sandy.  There is a crucial distinction between a hearsay "no objection", and an unequivocal "consent".

This court has found no binding precedent from the Eleventh Circuit on the precise subject at hand, but is persuaded by the following reasoning of then district judge, Sonia Sotomayor, in *Mermelstein v. Maki*, 830 F. Supp. 180 (S.D.N.Y. 1993):

4

> The notice of removal of a civil action must be filed within "thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b). Although there is some disagreement among district courts as to whether the period for removal is triggered by proper service or mere receipt of the pleadings by the defendant, other judges in this district have adopted the "receipt" rule. *See, e.g., Figueroa v. Kim*, 813 F.Supp. 267 (S.D.N.Y.1993) (Cedarbaum, J.); *Gates Construction Corp. v. Koschak*, 792 F.Supp. 334, 336 (S.D.N.Y.1992) (Mukasey, J.).
>
> This reading follows from the plain language of the statute, which requires only that the defendant *receive* the initial pleadings, and that receipt may be "through service *or otherwise*." 28 U.S.C. § 1446(b). It also advances Congress's purpose of "establish[ing] a uniform federal system for removal of cases to federal court . . . [and] is consistent with the well-established principle that the removal statute is to be construed narrowly and against removal." *Id.*, citing *Schwartz Brothers, Inc. v. Striped Horse Records*, 745 F.Supp. 338, 340 (D.Md. 1990). These considerations have led an increasing majority of courts to adopt the "receipt rule."

(emphasis in original). *Id.* 182.

Speaking vicariously through his co-defendants, while not joining in the removal, Sandy admits that well before the removal, he "received" the complaint, and that he was a named defendant therein.

A separate appropriate order of remand will be entered.

DONE this 28th day of December, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5